```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PAUL GREEN SCHOOL OF ROCK MUSIC    :
FRANCHISING, LLC,                  :
                                   :
              Plaintiff,           :   CIVIL ACTION
                                   :
     vs.                           :   No. 08-cv-4503
                                   :
ROCK NATION, LLC; THE JIM AND TRISH:
SMITH TRUST, 2003; BINH HOANG, and :
TONY AVALON,                       :
                                   :
              Defendants.          :
```

**MEMORANDUM AND ORDER**

Joyner, J.                                          January 13, 2009

Before this Court is Defendants' Motion to Dismiss and Motion to Transfer Venue (Doc. No. 10), Plaintiff's Memorandum in Response (Doc. No. 11) and Defendants' Reply (Doc. No. 12).

**Background**

Plaintiff, Paul Green School of Rock Music Franchising, LLC ("PGSORM"), filed this action in the Eastern District of Pennsylvania against Defendants, Rock Nation LLC, Jim and Trish Smith Trust 2003, Binh Hoang, and Tony Avalon, on September 16, 2008, alleging five counts: (I) Unfair Competition, (II) Trademark Infringement, (III) Conversion of Confidential Information, (IV) Breach of Implied-in-Fact Contract/Unjust

1

Enrichment, (V) Misappropriation of Trade Secrets.[1] Plaintiff is a Pennsylvania Limited Liability Corporation located and operating in Philadelphia, PA. Defendant Rock Nation is a California Limited Liability Corporation with its principal place of business in Agoura Hills, CA. Defendant Jim and Trisha Smith Trust, 2003, is a California trust located in Oakland Park, CA and is a member of Rock Nation LLC. Defendant Bing Hoang is a citizen and resident of California and is a member of Rock Nation LLC. Defendant Tony Avalon is a citizen and resident of California and is a member Rock Nation LLC.

Plaintiff alleges that Defendants conspired with former franchisees of PGSORM to "take confidential and proprietary customer contact information, customer lesson plans, customer credit card information, the Operations Manual, and show performance agenda" and give it to Rock Nation LLC. Comp. 2. Plaintiff further alleges that all such information belongs to PGSORM and is now used by Rock Nation to compete with PGSORM in violation of Pennsylvania and Federal law. Plaintiff is engaged in arbitration with the former franchisees, Jim Smith, John and Cindy Giamurrasco, in both California and Pennsylvania regarding this matter.

This Court has jurisdiction over this action based on

---

[1] It should be noted that the Plaintiff's Complaint does not contain a "Count V" and, hence, the labeled "Count VI: Misappropriation of Trade Secrets" will hereinafter be "Count V."

diversity pursuant to 28 U.S.C. § 1332, as plaintiff resides in Pennsylvania, defendants in California and the amount in controversy exceeds $75,000.00.  Additionally, plaintiff claims jurisdiction pursuant to 28 U.S.C. § 1338(a) and (b), as plaintiff alleges violations of § 43 of the Lanham Act, 15 U.S.C. § 1125(a) and 15 U.S.C. §1051 *et seq*.  The plaintiff claims venue in the matter pursuant to 28 U.S.C. § 1391(b)(2), as an action that "is not based solely on diversity" where a "substantial part of the events or omissions giving rise to the claim" occurred in the Eastern District of Pennsylvania.  In their instant motion, defendants argue that the Complaint should be dismissed due to improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, transferred to the Central District of California in accordance with 28 U.S.C. §§ 1406(a) or 1404(a).

### **Discussion**

In assessing the present motion to dismiss, this Court will accept as true the allegations in the Complaint; however, we may examine facts provided outside of the Complaint to determine venue, resolving any factual conflicts in favor of the plaintiff. Fed. R. Civ. P. 12(b)(3); ProModel Corp. v. Story, No. 07-cv-3735, 2007 U.S. Dist. LEXIS 85567, 2007 WL 4124502, at *2 (E.D. Pa. Nov. 19, 2007) (citing Holiday v. Bally's Park Place. Inc., No. 06-cv-4588, 2007 U.S. Dist. LEXIS 66554, 2007 WL 2600877, at

*1 (E.D. Pa. Sept. 10, 2007)).

## I. § 1406(a): Improper Venue

Pursuant to 28 U.S.C. § 1406(a), the defendants bear the burden of demonstrating that venue is improper.  ProModel Corp., 2007 U.S. Dist. LEXIS at *1-2; Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982).  A plaintiff's choice of venue, particularly when the plaintiff files suit in its home forum, is entitled to "considerable deference."  Coppola v. Ferrellgas, 250 F.R.D. 195, 197-198 (E.D. Pa. 2008) (quoting Am. Argo Corp. v. U.S. Fid. & Guar. Co., 590 F. Supp. 1002, 1004 (E.D. Pa. 1984)).  However, such a choice is generally given less deference when none of the conduct occurred in the selected forum.  Coppola, 590 F.R.D. at 195 (citing Fid. Leasing, Inc. v. Metavec Corp., No. 98-cv-6035, 1999 U.S. Dist. LEXIS 6737, 1999 WL 269933, at *2 (E.D. Pa. Apr. 29, 1999)).

In challenging venue under 28 U.S.C. § 1406(a), defendants contend that the plaintiff has laid venue in the wrong district. As plaintiff in his Complaint asserted venue pursuant to 28 U.S.C. § 1338(b)(2), the venue must be a district where "a substantial part of the acts or omissions giving rise to the cause of action occurred."  As laid out in Cottman Transmission Sys. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994), the venue does not have to have greatest connection to the cause of action or be

4

the "best forum" for the action, as multiple districts could be proper based on the operative facts. If a substantial part of the events or omissions did not occur in the chosen venue, then the Court may dismiss the case or, in the interest of justice, transfer the case to a proper venue. 28 U.S.C. §1406(a). The venue analysis, in accordance with §1338(b)(2), is not one of contacts with the forum, but of the location of the events and omissions that gave rise to the claim; hence, it is inappropriate to simply count contacts in order to establish venue. Cottman, 36 F.3d at 294. Instead, this Court looks at "the nature of the dispute" and, specifically, where the actions at issue took place. Id. at 295.

In support of its choice, Plaintiff asserts that venue is proper based on its claim that the defendants violated Pennsylvania law by misappropriating Pennsylvania trade secrets, giving rise to the present cause of action. Defendants counter that simply the development of the Operations Manual in Pennsylvania does not provide a substantial event giving rise to the claim and that all other events actually giving rise to the claim occurred in California, making the Eastern District an improper venue for this action.

However, in regards to trade secrets, we recognize that "[u]nlike trademarks, which seem to have no real situs, trade secrets have a situs in their state of origin." Harry Miller Co.

5

v. Carr Chem, 5 F. Supp. 2d 295, 298 (E.D. Pa. 1998); Unix v. Berkley Software, No. 92-cv-1667, 1993 U.S. Dist. LEXIS 19505, at *31, 1993 WL 414724, at *11 (D.N.J. March 3, 1993).  In this case, one of the trade secrets at issue, the Operations Manual, originated in Pennsylvania and so is located in Pennsylvania for purposes of venue.  Hence, when the Operations Manual was allegedly used by Rock Nation, the secret was, in effect, misappropriated from Eastern District of Pennsylvania.  The location of the trade secret, therefore, is an important part of the events giving rise to plaintiff's claim.  As the test for venue requires a more in depth analysis than counting contacts, we hold that while the contact may be isolated, it is an important event giving rise to the claim and we decline to dismiss the present action for improper venue.

Having found that venue is proper in the Eastern District of Pennsylvania, we move on to an analysis of the convenience of this forum.

**II. § 1404(a)**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."  Neither party disputes that venue would be proper in the Central District of California, as all defendants reside in California, plaintiff has a franchise

6

there and substantial acts giving rise to the cause of action occurred there.

Once it has been established that another forum would be proper, the defendant bears the burden of showing, on the balance of identified public and private factors, that the considerations weigh "strongly" in favor of transfer. <u>Gulf Oil v. Gilbert</u>, 55 U.S. 501, 508, 67 S.Ct. 839, 843 (1947). The plaintiff's choice of forum holds substantial weight and the defendant must demonstrate "a clear case of convenience, definitely and unequivocally" to be granted transfer. <u>Richards v. Consolidated Rail Corp.</u>, 1994 U.S. Dist. LEXIS 14985, 1994 WL 586009, at *2 (E.D. Pa. Oct. 18, 1994). The complete list of private factors set out by Gulf Oil were further articulated by the Third Circuit in Jumara v. State Farm Ins. Co., 55 F. 3d 873, 879 (3d Cir. 1995), and include,

> [T]he plaintiff's forum preference; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial conditions; the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the locations of books and records.

Named public factors include,

> enforceability of judgment; practical considerations that could make the trial easy, expeditious or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home;

>    the public policies of the fora; and the
>    familiarity of trial judges with the state law for
>    diversity cases.

Id. As venue would have been proper in the Central District of California, this Court will determine transfer by balancing these private and public considerations, almost all of which weigh in favor of transfer.

Private Factors:

(1) The Plaintiff's Forum Preference

Within this framework, courts have given great deference to the plaintiff's choice of forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S. Ct. 252 (1981); Kielczynski v. Consolidated Rail Corp., 837 F. Supp. 687, 689 (E.D. Pa. 1993). In addition, though not dispositive, this choice carries additional weight, if the plaintiff has laid venue in his home district. Koster v. (American) Lumbermens Mut. Casualty Co., 330 U.S. 518, 524, 67 S. Ct. 828 (1947). However, when the cause of action did not occur in the selected forum, the choice is given less weight. Matt v. Baxter Healthcare Corp., 74 F. Supp. 2d 467, 469 (E.D. Pa. 1999); Kielczynski, 837 F. Supp. at 689. In this instance, plaintiff resides in Philadelphia; however, almost all of the relevant acts, outside of the development of the Operations Manual, took place in California. These acts include the development of all other allegedly confidential material, the alleged theft of this material and information, the alleged use

of this material and information, the alleged unfair competition and the alleged creation of an implied-in-fact contract. Hence, while still weighing against transfer, plaintiff's choice of forum is not an overriding or determinative factor for this Court.

(2) Defendant's Forum Preference

The defendants have a strong preference to litigate this action in the Central District of California, as each defendant is a resident of California. Further, defendants claim that to litigate the case in Pennsylvania would create a financial hardship. This factor weighs in favor of transfer.

(3) Whether the Claim Arose Elsewhere

The claim at issue arose partly in Pennsylvania, due to the fact that trade secrets allegedly stolen and misappropriated have a situs in Pennsylvania. <u>Harry Miller</u>, 5 F. Supp. 2d at 298. While this situs does provide for a substantial event giving rise to the claim, the remaining events and the actual use of the trade secret occurred in California. To wit: (I) the alleged unfair competition based on the uses of PGSROM's images, trademarks, telephone numbers and addresses occurred in California; (II) the alleged trademark infringement occurred in California when Rock Nation allegedly used the PGSROM trademark in adverting; (III) the alleged conversion of the confidential information occurred in California where PGSROM alleges that

9

former franchisees took the confidential information and gave it to Rock Nation; (IV) the alleged breach of an implied-in fact contract occurred in California, as the implied-in fact contract allegedly originated in California and was allegedly breached there due to the use of the confidential materials.  Hence, while the trade secrets, and therefore their theft, arose in Pennsylvania, all of the remaining components of the cause of action, including the use of the trade secret, arose wholly in California.  This factor weighs in favor of transfer.

(4) The Convenience of the Parties

Each of the four defendants is a citizen of and resides in California and no defendant has had any contact with Pennsylvania outside of the alleged indirect contact involving the theft of Pennsylvania trade secrets.  Defendants claim that it would be a hardship for each defendant to travel to Pennsylvania.  Plaintiff is a Pennsylvania Limited Liability Corporation with its principle place of business in Philadelphia.  This factor weighs evenly between the two parties.

(5) The Convenience of Witnesses

In this case, the convenience of non-party witnesses is a "particularly significant factor" and weighs heavily in favor of transfer. Lindley v. Caterpillar, Inc., 93 F. Supp. 2d 615, 617-618 (E.D. Pa. 2000) (citing Matt v. Baxter Healthcare Corp., 74 F. Supp. 2d 467, 469 (E.D. Pa. 1999)).  Defendants have

10

identified three key non-party witnesses who reside and work in California and have provided declarations to this effect.  Def. Mot. to Dismiss, Exhs. A, B, C.  Further, defendants contend that they anticipate calling numerous parents of participants of the PGSORM franchise in California to establish that Rock Nation operates differently than PGSORM, each of whom resides in California.  As each of the actions actually took place in California, outside of the writing of the Operations Manual, defendants argue that to litigate their case in Pennsylvania would require calling witnesses exclusively from California who would be unable, due to financial constraints, to travel to Pennsylvania to give live testimony.[2]

Outside of the fact that the plaintiff itself would have to travel to California, plaintiff has identified no witness that would be inconvenienced by the transfer.  Presumably, as much of the alleged misappropriation at issue physically took place in California, plaintiff would also be calling California witnesses to the events at issue.  Hence, convenience of witnesses weighs heavily in favor of transfer.

(6) Locations of Books and Records

The majority of records and materials were created in California.  The Operations Manual was created in Pennsylvania,

---

[2] "Defendants simply do not have the financial resources to transport these witnesses to Pennsylvania."  Def. Reply 4.

11

but is currently in use in California. This factor weighs in favor of transfer.

Public Factors:

(1) Enforceability of Judgment and Practical Considerations

A judgment from the Central District of California would be equally enforceable as a judgment from this Court. Additionally, there is no evidence that an action in the Eastern District of Pennsylvania would be any more expeditiously or efficiently litigated than one in the Central District of California. To show efficiency in this district, plaintiff points to a related, pending action with this Court that involves similar operative facts to the instant case.[3] However, this case has already been through arbitration in Philadelphia, based on a forum selection clause in the franchise contract, and this Court will have a limited role in review of the facts. Further, as defendants point out, there is equally an ongoing arbitration action in the Central District of California with the other former franchisee, negating any efficiency that may be gained by retaining the present action. This factor does not weigh for or against

---

[3] Plaintiff also urges this Court to consider a decision by an Arbitrator in PGSORM's case against Jim Smith, in which the Arbitrator declined to transfer venue for the arbitration from Pennsylvania to California. However, a forum selection clause within the franchise agreement between PGSORM and its former franchisee, Jim Smith, was a preeminent factor in that analysis and it would, therefore, be inappropriate to look to that Arbitrator's decision for guidance within the balancing framework in the present case in which no agreement or clause exists.

transfer.

(2) Local Interest and Public Policy

Additionally, while Pennsylvania does have an interest in protecting its trade secrets in the form of the Operations Manual, the actions in question occurred in California, involved parties physically situated in California (the former franchisees and Rock Nation), and would have an impact most directly upon two businesses that operate in California (PGSORM's California franchise and Rock Nation) and the community around them.  Thus, we find that the local community in California has a greater interest in having the case adjudicated there and this factor weighs in favor of transfer.

(3) Familiarity of Trial Judges with State Law

As plaintiff has primarily asserted that jurisdiction in federal court is based upon diversity, the application of state law would, in fact, arise as to the trade secret claim.  However, Pennsylvania and California both recognize similar trade secret violations in their respective codes, 12 PA. CONS. STAT. ANN. §§ 5301-5308 (2005) and CAL. CIV. CODE § 3426 (Deering 2008).  Hence, though a Pennsylvania federal court judge may be more familiar with Pennsylvania trade secrets law, both laws are largely identical to the Uniform Trade Secrets Act and the familiarity of the judiciary would appear to have little, if any, impact in the ultimate adjudication.  Given the lack of conflict

between the laws, this factor is given little weight.  Ims Health v. Vality Tech., 59 F. Supp. 2d 454, 471-72 (E.D. Pa. 1999).

On balance, the factors weigh in favor of transfer to the Central District of California.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
PAUL GREEN SCHOOL OF ROCK MUSIC      :
FRANCHISING, LLC,                    :
                                     :
            Plaintiff,               :   CIVIL ACTION
                                     :
     vs.                             :   No. 08-cv-4503
                                     :
ROCK NATION, LLC; THE JIM AND TRISH  :
SMITH TRUST, 2003; BINH HOANG, and   :
TONY AVALON,                         :
                                     :
            Defendants.              :
```

## ORDER

AND NOW, this    13th    day of January, 2009, upon consideration of Defendants' Motion to Dismiss and Motion to Transfer Venue (Doc. No. 10), Plaintiff's Response in Opposition (Doc. No. 11), and Defendants' Reply thereto (Doc. No. 12), for the reasons set forth in the attached Memorandum, it is hereby ORDERED that the Motion to Dismiss is DENIED.  It is further ORDERED that the Motion to Transfer Venue is GRANTED.  The Clerk shall transfer the record in this case to the Central District of California.

BY THE COURT:

s/J.Curtis Joyner
J. CURTIS JOYNER, J.